By the Court.
There can be no just ground of distinction between the two cases. When either the plaintiff or defendant attempts to defraud the commonwealth, by not charging themselves with the frill interest from theif respective periods of improvement, it must at least operate as an abandonment of their claim for such intermediate time as they have dropped, and we shall hold them bound thereby. Both instances must rest on the same uniform principle. If indeed the defendant does not shew his warrant or application in evidence, and it is not produced by the adverse party, the defendant may rest on his possession, and prove his settlement from its commencement. Circumstanced as this case is, the objection must be sustained, and so have been our decisions.
The evidence having been gone through, it appeared that the *591 lessor of the plaintiff had been guilty of gross laches, and the court gave a decided charge in favor of the defendants.
Cited in 4 S. & R. 435 in support o£ the proposition that no one should be permitted to allege a settlement at any time prior to the day mentioned in their warrants, for the commencement of interest, because such allegation would be contrary to the averment in their warrants, and would show that they had attempted to defraud the Commonwealth.
Messrs. Duncan and Riddle, pro quer.
Messrs. Watts and Brown, pro def.
The plaintiff suffered a nonsuit.